IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | |
| | § | No. 3:19-cr-585-N (2) |
| LUIS ALBERTO TORRES-CORTES, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated April 22, 2021, United States District Judge David C. Godbey has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Luis Alberto Torres-Cortes should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Luis Alberto Torres-Cortes is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 56.

### **Background**

Defendant is set for sentencing before Judge Godbey on July 19, 2021. *See* Dkt. No. 57. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries

governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On October 21, 2019, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 21.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds

there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion for Continued Pre-Trial Release in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 64.

The Court held a hearing on May 25, 2021 on the matters referred by Judge Scholer, at which Defendant appeared in person and through counsel and the government's counsel appeared. *See* Dkt. No. 65.

**Legal Standards and Analysis**

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 841(a)(1). *See* Dkt. Nos. 48, 54, & 56. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically,

"an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by

clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 54], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or

the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in his motion, he "can show that he is neither a flight risk nor a danger to society" where he

has been on pre-trial release since his last detention hearing on or about the 11th day of October 2019. To date, the Movant has not missed a court setting, and has consistently reported to his Probation Officers, first, to Elizabeth Martinez, and subsequently, to Mike Cannon. The Movant has timely provided his supervising Officers with whatever they have requested in compliance with the terms and conditions of his release. The Movant has clearly demonstrated over time that he is not a flight risk, and there is nothing that would indicate his plea of guilty will augment any such risk. He has had ample opportunity to determine whether he poses any threat to the community or any inclination to flee the Country over the course of the past year and one half, but he has shown neither. In fact, he has been exemplary on supervised release, obtaining work near his wife and his three young children, timely appearing at each court setting, reporting to his respective Supervisors, and consistently paying his bills to ensure his family has a roof over their heads and food on the table.

The Movant has no prior criminal history, and has strong ties to the Houston area, where his wife, Nancy Gaytan, lives with his three children, Luis Armando Torres Gaytan, who is 9 years old, Sophie Torres Gaytan, who is 7 years old, and Gilberto Torres Gaytan, who is 4 years old.

The Movant is currently working for Stone Systems of Houston in order to support his wife and his three young children. He has been working full time consistently since the time of his initial release.

Dkt. No. 64 at 2-3.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains that he

has pleaded guilty, and therefore, no motion for acquittal, nor for a new trial will be granted. While there is an expectation of a sentence of imprisonment, there are mitigating circumstances which constitute exceptional reasons why the Movant should not be detained, and in particular falling under the references set forth in Section 3145(c) regarding release upon "appeal" in the event the Movant were able to demonstrate why pre-sentencing detention is inappropriate.

....

While the Movant immediately accepted responsibility for his role in the offense for which he pleaded guilty, based on the facts underlying the charge, he was at best, a minor participant. He is fully aware that any divergence from his conditions of release would potentially subject him to a significantly different penalty at the time of sentencing. He has consistently shown that he is not inclined to deviate from the obligations and responsibilities he has been entrusted with since the date of his last detention hearing.

....

When taken together with the Fifth Circuit's deference to the discretion of the District Courts, a combination of factors, specifically including the Movant's minor role coupled with his familial obligations, and his consistent compliance with his legal and communal obligations, may equate to extraordinary circumstances were the Court to deem it such.

In conclusion, and based on the foregoing, the Movant has aptly demonstrated that: (1) he does not present a flight risk as reflected by his actions over the time of his release, as well as his ties to the Houston community; (2) he does not present a threat to others, which he has demonstrated through his behavior throughout release, and by virtue of his role as a minimal participant; and (3) that his supervised release was effective in deterring undesirable behaviors

Dkt. No. 64 at 1-4.

At the May 25, 2021 hearing, Defendant's counsel explained that, while Defendant understood that he might be detained at the hearing, his continued work and support of his family pending sentencing and any likely reporting date would be important to allow his wife to find work providing enough income to allow her to support their kids and household alone while he is incarcerated.

The government deferred to the Court but does not oppose continued presentencing release.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons

review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges as exceptional circumstances, including his compliance with his conditions of pretrial release, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing his release do not individually give rise to a situation that is out of the ordinary.

But the Court determines that all of the circumstances that Defendant asserts are, taken together at this point in time, a unique combination of circumstances giving rise to a situation that is out of the ordinary. Among other circumstances, Defendant presents what the Court believes to be valid family-related concerns that, combined with this compliance to date, including his steady employment, amount to a situation in which Defendant's detention pending his sentencing hearing in less than months in July 2021 would not be appropriate.

**Conclusion**

The Court finds that Defendant Luis Alberto Torres-Cortes has presented so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under 18 U.S.C. § 3145(c) and that Defendant Luis Alberto Torres-Cortes met his burden to clearly show exceptional circumstances why he should not be detained pending sentencing – that is, exceptional reasons why his detention would not be appropriate – and to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or

the community if she remains on release under 18 U.S.C. § 3142(c). Defendant Luis Alberto Torres-Cortes is ORDERED to remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 21], pending his sentencing before Judge Godbey.

SO ORDERED.

DATED: May 25, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE